## BIDDLE and another *v.* HARTRANFT, Collector.[1]

*(Circuit Court, E. D. Pennsylvania. 1886.)*

CUSTOMS DUTIES—NON-ENUMERATED ARTICLE—ACT OF CONGRESS OF MARCH 3, 1883.

The jury found that bichromate of soda, a non-enumerated article under the act of March 3, 1883, bears a similitude, in the use to which it may be applied, to bichromate of potash, an enumerated article in said act. *Held*, that bichromate of soda was subject to the same rate of duty that that act imposes upon bichromate of potash.

This was an action brought by the plaintiffs to recover money alleged to have been illegally exacted as customs duties upon a quantity of bichromate of soda, imported into the port of Philadelphia by the plaintiffs. Bichromate of soda is a non-enumerated article under the act of congress of March 3, 1883. It was classified as being subject to the same rate of duty as bichromate of potash, and that duty was exacted accordingly. Plaintiffs contended that bichromate of soda should have been classified as a chemical salt, under Schedule A of section 2502 of said act. The case was tried October 5, 1885, before McKENNAN and BUTLER, JJ., and a jury, when the jury found, in a special verdict, *inter alia,* as follows: "That bichromate of soda is a non-enumerated article under the act of March 3, 1883, which bears a similitude in the use to which it may be applied to bichromate of potash, an article enumerated in said act."

*Edward F. Hoffman,* for plaintiffs.

*John K. Valentine,* U. S. Dist. Atty., for the defendant, cited *Arthur* v. *Fox,* 108 U. S. 125; S. C. 2 Sup. Ct. Rep. 371; *Stuart* v. *Maxwell,* 16 How. 162.

McKENNAN, J. The jury in this case have found that bichromate of soda is a non-enumerated article in the act of congress, and that it bears a similitude to bichromate of potash. It is evident, from a reading of the act, that it was not necessary for the jury to find the first fact.

It has been argued by the counsel for the plaintiffs that bichromate of soda is an enumerated article, when considered in the light of what he calls the residuary clause of the act of congress; but this view is entirely erroneous, for the reason that this residuary clause refers to previous portions of the same act, and to other acts of congress which contain an enumeration of articles, and impose specific duties upon them.

The only question to be decided in the case is, does the similitude clause of the act contain a provision imposing a tax upon bichromate of soda? In the opinion of the court, the decision of the supreme court in the cases cited in the argument settles this question beyond

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

controversy, and renders it liable to the same duty which is imposed upon the article that it resembles, thus constituting a provision in law for its taxation. The act of congress, therefore, applies in this case, and makes bichromate of soda subject to the same rate of duty as bichromate of potash. That was the duty exacted in this case, and the court must therefore direct judgment to be entered in favor of the defendant.

BUTLER, J. When the case was called for trial I was very much impressed with the reference made by the counsel for the plaintiffs to the provision of the act of congress upon which he based his argument, viz., a provision subjecting all salts to a specific duty. When, however, that provision is clearly examined, it will be observed that it refers only to articles enumerated not before provided for. What was before provided for? First, bichromate of potash is provided for at three cents per pound. Therefore it appears that bichromate of soda, although not enumerated, is specifically provided for when provision is made in the act of congress for bichromate of potash, and, when it is ascertained that bichromate of soda is in the similitude of bichromate of potash.

The sections of the act relied upon by the counsel for the plaintiffs, although argued with ability, are inapplicable to this case, because they are applicable only to such articles as are not before provided for in the act of congress.